**Reginald E. HUGHES, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 92–CF–1196.

District of Columbia Court of Appeals.

Argued Nov. 4, 1993.
Decided Nov. 29, 1993.

Francis T. Lacey, Rockville, MD, appointed by this court, for appellant.

Eugenia Eyherabide, Asst. U.S. Atty., with whom J. Ramsey Johnson, U.S. Atty. at the

---

time the brief was filed, and John R. Fisher, Elizabeth Trosman, and Linda Otani McKinney, Asst. U.S. Attys., Washington, DC, were on the brief for appellee.

Before FERREN, STEADMAN, and SCHWELB, Associate Judges.

SCHWELB, Associate Judge:

Hughes was convicted by a jury of distribution of cocaine and of possession of cocaine with intent to distribute it. *See* D.C.Code § 33–541(a)(1) (1993). On appeal, he contends that the trial judge committed reversible error (1) by permitting the prosecutor to re-call an undercover officer as a rebuttal witness and (2) by denying defense counsel's request for a "missing evidence" instruction and for leave to make a "missing evidence" argument. We affirm.

█ The trial judge did not abuse his discretion when he allowed the officer to testify on rebuttal that an individual suggested by the defense as being the real guilty party was not the seller, and to reiterate that Hughes was. *See Fitzhugh v. United States,* 415 A.2d 548, 551 (D.C.1980). "[W]e are disinclined to overturn a [trial] judge who has determined—after watching a case unfold—that testimony properly rebuts an inference that a party's adversary has sought to make." *United States v. Tejada,* 956 F.2d 1256, 1266–67 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 124, 121 L.Ed.2d 80 (1992).

█ The defense's "missing evidence" theory in this case related to the prosecution's failure to introduce evidence that Hughes' fingerprints were on the ziplock bag containing the cocaine. A contention similar to that made here by Hughes was recently rejected by the court in *United States v. Hoffman,* 296 U.S.App.D.C. 21, 24–26, 964 F.2d 21, 24–26 (1992) (per curiam). The court explained in *Hoffman* that

> [i]t is permissible for a defense attorney to point out to the jury that no fingerprint evidence has been introduced and to argue that the absence of such evidence weakens the Government's case; [1] however, the attorney may not use the absence of fingerprint evidence as a springboard for arguing facts not in evidence, *e.g.,* that the Government made no effort to obtain fingerprints, that fingerprints could have been obtained from the object at issue, *or that such evidence, if obtained, would have been favorable to the defense.* Defense counsel attempted to take the latter route in this case, and it was proper for the District Court to prevent him from doing so.

*Id.* at 26, 964 F.2d at 26 (emphasis added).

We are satisfied that *Hoffman* was correctly decided. Accordingly, Hughes' convictions are hereby

*Affirmed.*

---

1. Hughes does not contend that his counsel was precluded in the present case from making an argument of the kind which the court in *Hoffman* held to be permissible.